IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DeJESUS RODRIGUEZ,

    Petitioner,                  No. CIV S-05-1489 MCE GGH P

    vs.

STATE OF CALIFORNIA, et al.,

    Respondents.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1984). Where the petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360.

        Petitioner, who is not incarcerated, challenges his 1996 conviction for a variety of offenses. He alleges that he was released from prison in 2000. If petitioner is still on parole, the

1

proper respondent is his parole officer and the official in charge of the parole agency or the state correctional agency. Because petitioner has not named the proper respondent, the petition is dismissed with leave to amend.

Petitions for habeas corpus can be brought only by persons who are "in custody in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989). Once a defendant is discharged from probation or parole, he is no longer "in custody." Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999). Because petitioner has been out of prison for five years, it is unclear whether he satisfies the custody requirement. Accordingly, if petitioner is no longer on parole the court will not have jurisdiction to consider this action. Petitioner must clarify this matter in the amended petition.

In addition, the basis of petitioner's claims are not clear. The petition does not clearly state the factual and legal basis for petitioner's claims. While petitioner alleges that he received ineffective assistance of counsel, for example, he does not describe what counsel did that constitutes ineffective assistance. In the amended petition, petitioner must clarify the grounds on which he is challenging his convictions. Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that the petition filed July 25, 2005, is dismissed with thirty days to file an amended petition; failure to file an amended petition within that time will result in a recommendation of dismissal of this action.

DATED: 8/24/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rod1489.ord